OPINION
Jay Lamont Arnold was indicted in March of 1994 on charges of attempted murder, felonious assault, aggravated burglary and kidnapping. He was later charged in a second indictment with a single count of rape, stemming from the same series of events.
In August of 1994, a jury convicted him of all the charges against him. He was sentenced and his convictions were affirmed on direct appeal.
On December 7, 2001, a hearing was held before a different trial judge to determine whether or not Mr. Arnold was a sexual predator. A decision finding Mr. Arnold to be a sexual predator was filed January 25, 2002. An entry journalizing the finding was filed three months later.
Counsel for Mr. Arnold has pursued a direct appeal of the sexual predator determination assigning a single error for our consideration:
"THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THE APPELLANT WAS A SEXUAL PREDATOR WHEN THE STATE DID NOT ESTABLISH BY CLEAR AND CONVINCING EVIDENCE THAT THE APPELLANT IS LIKELY TO COMMIT A SEXUALLY ORIENTED OFFENSE AFTER HIS RELEASE FROM PRISON."
At the December 7, 2001, hearing, both parties waived opening statement. The assistant prosecuting attorney presenting the state's evidence submitted five documents for the trial court's consideration. The documents consisted of a copy of each indictment, a copy of each sentencing entry and a copy of a post-sentence investigation ("PSI"). The state presented no other evidence.
The PSI reflects that Jay Arnold waited for his former girlfriend near her apartment. He took the former girlfriend and their two-year old child to the apartment. He raped the woman and stabbed her repeatedly using a screwdriver and several knives. The attack stopped after a neighbor alerted the police. Mr. Arnold was captured at the scene of the attacks. The victim suffered stab and puncture wounds to her face, chest, abdomen and hands.
Mr. Arnold had no prior criminal convictions except a criminal damaging involving the apartment of the same victim. He had been charged with domestic violence on four prior occasions, but each charge had been dismissed.
Counsel for Mr. Arnold presented a copy of a psychiatric report completed in the summer of 1994 as the result of a court order. The report indicated that Mr. Arnold was neither mentally retarded nor seriously mentally ill at the time of the attacks. The report did find mild symptoms of mental illness. The report listed several stressors which contributed to the violent attack perpetrated by Mr. Arnold. The stressors included his belief that his daughter had been sexually molested and his resentment that his former girlfriend was still allowing the child to be babysat at the house where the molestation allegedly occurred.
Counsel for Mr. Arnold also submitted into evidence several certificates which indicated that Mr. Arnold had completed courses in anger management, behavior awareness and other productive subjects while in prison.
Counsel for the state of Ohio and for Mr. Arnold presented oral argument. The trial judge then took the matter under advisement.
When the trial court prepared its decision finding Mr. Arnold to be a sexual predator, the trial court considered the statutory factors set forth in R.C. 2950.09(B)(2). Those factors are:
"(2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
"(a) The offender's age;
"(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
"(c) The age of the victim of the sexually oriented of offense for which sentence is to be imposed;
"(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
"(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
"(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
"(g) Any mental illness or mental disability of the offender;
"(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
"(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
"(j) Any additional behavioral characteristics that contribute to the offender's conduct."
In applying these factors the judge appropriately noted the violent sexual conduct which occurred. The trial court also noted that at least some of the attack occurred in the presence of the couple's two-year old child.
The trial court found a pattern of abuse based upon the fact that Mr. Arnold had been under a court order to stay away from his former girlfriend following his previous vandalizing of her apartment. This part of the trial court's analysis is incorrect. R.C. 2950.09(B)(2)(h) addresses patterns of sexual conduct or sexual abuse. Nothing in the record indicates that the damaging of the apartment had any sexual overtones whatsoever. This factor was incorrectly weighed against Mr. Arnold.
In some cases, the legal mistakes by the trial court would necessitate a remand to the trial court for a reweighing of the evidence. However, in the present case, the mistake made in the weighing of R.C.2950.09(B)(2)(h) is more than offset by the weight which must be given to R.C. 2950.09(B)(2)(i) — "displayed cruelty." The amount of cruelty and gratuitous physical harm inflicted by Mr. Arnold on his victim is difficult to comprehend and impossible to completely describe in this opinion.
We cannot say that the trial court erred in determining that Mr. Arnold is likely to reoffend and therefore should be classified as a sexual predator. We, therefore, overrule the assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
DESHLER PETREE, JJ., concur.